DEMERY RYAN, Bar No. 217176
SHAHRAM SAMIE, Bar No. 268025
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:   310.553.5583
E-mail: dryan@littler.com
E-mail: ssamie@littler.com

Attorneys for Defendants
CHRISTIAN LASSEN, and LASSEN INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEN KING, an individual, | Case No.  CV104941 SVW (FFMx) |
| Plaintiff, | **DEFENDANTS' ANSWER AND COUNTERCLAIM TO PLAINTIFF'S COMPLAINT** |
| v. | |
| CHRISTIAN LASSEN, an individual; LASSEN INTERNATIONAL, INC., a corporation, and DOES 1-50, inclusive, | |
| Defendants. | |
| CHRISTIAN LASSEN, an individual; and LASSEN INTERNATIONAL, INC., a corporation, | |
| Counterclaimants | |
| v. | |
| KEN KING, an individual, | |
| Counterdefendant. | |

Come now Defendants CHRISTIAN LASSEN and LASSEN INTERNATIONAL, INC. (collectively "Defendants") and for their Answer to the Complaint of Plaintiff Ken King (hereafter "Plaintiff" or "King") hereby admit, deny and assert the following allegations, affirmative defenses and counterclaim. All allegations not specifically admitted in this Answer are denied.

## FIRST CAUSE OF ACTION

### (Wrongful Termination)

1. In response to Paragraph 1 of the Complaint, Defendants lack sufficient information to admit or deny the allegation in Paragraph 1 of the Complaint and on that basis deny the same.

2. In response to Paragraph 2 of the Complaint, Defendants admit that Christian Lassen is an individual residing in the cities of Haleiwa and Honolulu, Hawaii.

3. In response to Paragraph 3 of the Complaint, Defendants admit that Lassen International, Inc. is a corporation organized under the laws of the state of Nevada. Defendants deny all remaining factual allegations in Paragraph 3 of the Complaint.

4. In response to Paragraph 4 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in Paragraph 4 of the Complaint, and on that basis deny the same. To the extent Paragraph 4 of the Complaint contains conclusions of law or legal principles asserted by Plaintiff, such conclusions are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

5. In response to Paragraph 5 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

6. In response to Paragraph 6 of the Complaint, Defendants admit that Lassen International, Inc. ("Lassen International") engaged Plaintiff's services and agreed to pay him $3500 per month. Defendants admit that Defendant Christian

Lassen offered Plaintiff the use of his apartment in Honolulu, Hawaii, while he provided services to Lassen International. Defendants deny all remaining factual allegations in Paragraph 6 of the Complaint.

7. In response to Paragraph 7 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

8. In response to Paragraph 8 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

9. In response to Paragraph 9 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

10. In response to Paragraph 10 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

11. In response to Paragraph 11 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

12. In response to Paragraph 12 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

## SECOND CAUSE OF ACTION

**(Violation of Labor Code Section 203, et seq.)**

13. In response to Paragraph 13 of the Complaint, Defendants reallege and incorporate herein by reference paragraphs 1 through 12 hereinabove as though set forth herein.

14. In response to Paragraph 14 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

15. In response to Paragraph 15 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

16. In response to Paragraph 16 of the Complaint, Defendants deny each and every allegation and/or inference contained therein. To the extent Paragraph 16 of the Complaint contains conclusions of law or legal principles asserted by Plaintiff, such

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

conclusions are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

## THIRD CAUSE OF ACTION

### (Retaliation)

17. In response to Paragraph 17 of the Complaint, Defendants reallege and incorporate herein by reference paragraphs 1 through 16 hereinabove as though set forth herein.

18. In response to Paragraph 18 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

19. In response to Paragraph 19 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

20. In response to Paragraph 20 of the Complaint, Defendants deny each and every allegation and/or inference contained therein.

21. In response to Paragraph 21 of the Complaint, Defendants deny each and every allegation and/or inference contained therein. To the extent Paragraph 21 of the Complaint contains conclusions of law or legal principles asserted by Plaintiff, such conclusions are not allegations of fact to which an admission or denial is required by the Federal Rules of Civil Procedure.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

As a separate and affirmative defense, Defendants allege that the Complaint and each claim for relief set forth therein, or some of them, fails to state sufficient facts to constitute a cause of action.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the doctrine of estoppel.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

3.

### THIRD AFFIRMATIVE DEFENSE

### (Waiver)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE

### (Accord and Satisfaction)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the doctrine of accord and satisfaction.

### FIFTH AFFIRMATIVE DEFENSE

### (Laches)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

### (Consent)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the doctrine of consent.

### SEVENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by Plaintiff's own conduct which constitutes unclean hands. Defendants will beg leave to amend this answer to allege additional facts in support of this affirmative defense.

### EIGHTH AFFIRMATIVE DEFENSE

### (State of Limitations)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the applicable statutes of

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

4.

limitation, including, but not limited to, California Code of Civil Procedure sections 338(a) and (d), 340(a) and (b), and 343.

## NINTH AFFIRMATIVE DEFENSE
### (Comparative Fault/Assumption of Risk)

As a separate and affirmative defense, Defendants allege that the injuries and damages alleged in the Complaint were caused, in whole or in part, by Plaintiff's own acts or omissions or by the acts or omissions of persons or entities other than Defendants, and that Plaintiff's recovery from Defendants, if any, must be denied or reduced accordingly.

## TENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Remedies)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred because Plaintiff failed to timely and completely exhaust the requisite administrative remedies available to him prior to commencing this action.

## ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

As a separate and affirmative defense, Defendants allege that Plaintiff has failed to mitigate his alleged damages, if any, and therefore is not entitled to recover any alleged damages which he elected to incur.

## TWELFTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred by the doctrine of avoidable consequences.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

5.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Employment Relationship)

As a separate and affirmative defense, Defendants allege that Plaintiff's claims fail because Christian Lassen was not an employer of Plaintiff within the meaning of California Labor Code, the California wage orders of the Industrial Welfare Commission, the Fair Labor Standards Act ("FLSA"), or any other basis.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (No Employment Relationship)

As a separate and affirmative defense, Defendants allege that Plaintiff's claims fail because Lassen International, Inc. was not an employer of Plaintiff within the meaning of California Labor Code, the California wage orders of the Industrial Welfare Commission, the Fair Labor Standards Act ("FLSA"), or any other basis.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (FLSA Exemptions)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred, in whole or in part, to the extent that the work performed falls within the exemptions, exclusions, exceptions, or credits as provided by the FLSA, including, but not limited to, the provisions set forth in 29 U.S.C. §§ 201, *et. seq.*

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Good Cause)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred, in whole or in part, because good cause existed for each action taken by Defendants with respect to Plaintiff's employment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## SEVENTH AFFIRMATIVE DEFENSE

### (Good Faith)

As a separate and affirmative defense, Defendants allege that the claims in the Complaint, or some of them, are barred because Defendants' conduct was in good faith, not willful and/or Defendants had reasonable grounds for believing that their conduct did not violate the federal or state wage and hours laws raised in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (After-Acquired Evidence)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred, in whole or in part, by after-acquired evidence of Plaintiff's acts, omissions or representations, and such after-acquired evidence shall bar Plaintiff's claim on liability or damages or shall reduce such claims as provided by law.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

As a separate and affirmative defense, Defendants allege that Plaintiff's claims for damages are precluded to the extent such damages are speculative.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unconstitutional)

As a separate and affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive or exemplary or emotional distress damages on the grounds that any award of punitive or exemplary or emotional distress damages under California law in general or as applied to the facts of this specific action violates Defendants' constitutional rights under provisions of the United State and California Constitutions, including but not limited to the equal protection and due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution, the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

7.

of the United States Constitution and Article I, Sections 7 and 17 and Article IV, Section 16 of the California Constitution.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
**(Failure to State Sufficient Facts for Punitive Damages)**

As a separate and affirmative defense, Defendants allege that Plaintiff is not entitled to recover any punitive damages because the Complaint and each cause of action set forth therein fails to plead facts sufficient to support the recovery of punitive damages under California Civil Code section 3294.

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(No Irreparable Harm)**

As a separate and affirmative defense, Defendants allege that the claims alleged in the Complaint, or some of them, are barred because Plaintiff has not suffered, nor will suffer, irreparable harm or any harm as a result of the alleged conduct of the Defendants.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Adequate Remedy at Law)**

As a separate and affirmative defense, Defendants allege that Plaintiff is not entitled to recover the equitable relief he seeks because an adequate remedy at law exists.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(No Costs of Suit)**

As a separate and affirmative defense, Defendants allege that Plaintiff has failed to state a claim for attorneys' fees and costs.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
**(No Violation of Public Policy)**

As a separate and affirmative defense, Defendants allege that the claims in the Complaint, or some of them, cannot be maintained as Plaintiff never

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

experienced any wrongful employment action by Defendants and Defendants committed no violation of public policy.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (No Causal Connection)

As a separate and affirmative defense, Defendants allege that the claims in the Complaint, or some of them, cannot be maintained against Defendants because Plaintiff has failed to allege the requisite causal connection between the alleged protected activity and the alleged adverse employment action.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (*Bona Fide* Dispute)

As a separate and affirmative defense, Defendants allege that the claims asserted in the Complaint, or some of them, are barred because there is a *bona fide* dispute as to whether further compensation is actually due to Plaintiff and, if such compensation is due, as to the amount of such further compensation.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Obligations Paid in Full)

As a separate and affirmative defense, Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that any monies claimed to be owed to Plaintiff have been paid in full and/or otherwise satisfied.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Failure of Condition Precedent)

As a separate and affirmative defense, Defendants allege that the claims in the Complaint, or some of them, cannot be maintained as any alleged performance by Defendants was dependant on Plaintiff first performing his obligation, which he failed to do.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

### THIRTIETH AFFIRMATIVE DEFENSE
### (Lack of Standing)

As a separate and affirmative defense, Defendants allege that Plaintiff lacks standing to bring this action for, and the Court lacks jurisdiction to award, certain of the penalties sought in the Complaint, as such penalties may only be imposed in a proceeding brought by the California Labor Commission.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (No Private Right of Action)

As a separate and affirmative defense, Defendants allege that Plaintiff's claims under California Labor Code section 203, *et seq.*, are barred, in whole or in part, because there is not private right of action under such sections.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Good Faith Defense to Waiting Time Penalty Claim)

As a separate and affirmative defense, Defendants allege that irrespective of whether Plaintiff is not entitled to wages due, and Defendants deny there is any such entitlement, Plaintiff is not entitled to waiting time penalties, because there was a good faith dispute as to whether said wages were owed, which, in the absence of bad faith, precludes a waiting time penalty award. *Amaral v. Cintas Corporation No. 2*, 163 Cal. App. 4th 1157 (2008).

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Action to Recover Penalties Beyond One Year)

As a separate and affirmative defense, Defendants allege that Plaintiff's claims for recovery of penalties under the California Labor Code, including section 512, are barred by California Code of Civil Procedure sections 340(a-b), for actions upon a statute for a penalty, to the extent he seeks to recover such penalties for events taking place more than one year before the filing of this action.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

**(Due Process)**

As a separate and affirmative defense, Defendants allege that the imposition of replicating penalties, as applied to the alleged facts and circumstances of this case, would violate Defendants' due process rights under the Fourteenth Amendment of the United States Constitution and under the Constitution and laws of the State of California, as set forth in *Lockyer v. R.J. Reynolds Tobacco, Co.*, 37 Cal. 4th 707 (2005) and *Ratner v. Chemical Bank New York Trust Co.*, 54 F.R.D. 412 (S.D.N.Y. 1972).

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

**(Due Process Requirements for Penalties)**

As a separate and affirmative defense, Defendants allege that, to the extent Plaintiff seeks statutory and other penalties, such claims must comport with the due process requirements of *State Farm v. Campbell*, 538 U.S. 408 (2003).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

**(Reservation of Rights)**

Defendants do not presently know all facts with respect to the conduct of Plaintiff sufficient to state all affirmative defenses at this time. Defendants are informed and believe, however, that further investigation and discovery will reveal that additional affirmative defenses are relevant and applicable. Defendants thus reserve the right to amend this Answer to assert said additional affirmative defenses should they later discover facts demonstrating the existence and applicability of same.

## COUNTERCLAIM

Defendants/Counterclaimants hereby allege as follows:

1. This Court has supplemental jurisdiction over these counterclaims under 28 U.S.C. § 1367(a) because they arise out of the same transaction or occurrence as alleged in Plaintiff's Complaint so as to form a part of the same case or controversy within the meaning of Article III of the United States Constitution.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

## General Allegations

2. At all times mentioned, Plaintiff and Counterdefendant Ken King ("King") is, and at all times herein mentioned was, a resident of Los Angeles County, California.

3. At all times herein mentioned, Defendant and Counterclaimant Christian Riese Lassen ("Mr. Lassen") an artist and dedicated environmentalist and resides in the city of Haleiwa, County of Honolulu, State of Hawaii. Mr. Lassen has resided in the State of Hawaii for 42 years and at all times has enjoyed a good reputation generally and in his business.

4. At all times herein mentioned, Defendant and Counterclaimant Lassen International ("Lassen International") has been a Nevada Corporation. Its principal place of business is in Paia, Hawaii.

5. Mr. Lassen is the President of Lassen International. Pursuant to an agreement between Mr. Lassen and Lassen International, Inc. (together, "Counterclaimants"), Lassen International sells Mr. Lassen's original paintings and licenses to third parties the rights to use, reproduce, and sell Mr. Lassen's copyrighted artworks. Counterclaimants have over a period of time and in considerable expenditure of effort, time and money, developed advantageous business relationships with numerous clients.

6. In or around January 2009, Lassen International engaged King to provide chauffeur and other services to Lassen International.

7. In November, 2009, King ceased to provide chauffeur and other services to Lassen International.

8. Counterclaimants are informed and believe, and on that basis allege, that after King ceased to provide chauffeur and other services to Lassen International, King engaged in a campaign of derogatory, false, and defamatory remarks aimed at both Counterclaimants. King made these derogatory, false, and defamatory remarks about Mr. Lassen and Lassen International out of anger and malice aimed at

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

12.

Counterclaimants because he was angry that Counterclaimant Lassen International no longer wished to engage his services.

9. Counterclaimants are informed and believe, and on that basis allege, that in November, 2009, King made false statements of fact regarding Mr. Lassen to third parties, including Mr. Lassen's girlfriend, including, among other things, statements that Mr. Lassen has contagious sexually transmitted diseases.

10. Counterclaimants are informed and believe, and on that basis allege, that in November, 2009, King made false statements of fact regarding Mr. Lassen to third parties, including to Michael Rountree, including, among other things, that Mr. Lassen does not personally paint the paintings that are sold under his name.

11. Counterclaimants are informed and believe, and on that basis allege, that in November, 2009, King made false statements of fact regarding Mr. Lassen to third parties, including to Michael Rountree, including among other things, that Lassen International knowingly, and with the intent to mislead and defraud, sells and licenses paintings under Mr. Lassen's name that were not authored by Mr. Lassen. On information and belief, King stated to Mr. Rountree an intention to broadly disseminate these false statements to additional third parties, and did disseminate these false statements to additional third parties.

## First Cause of Action
## (Defamation)

12. Counterclaimants incorporate by this reference the allegations contained in Paragraphs 2-11 of the counterclaims as though fully set forth herein.

13. The statements made by King to third parties set forth above were slanderous per se because they impute in Mr. Lassen the existence of an infectious, contagious, and loathsome disease.

14. The statements made by King to third parties as set forth above were slanderous per se because they charge Mr. Lassen with the crime of fraud.

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

13.

15. The statements made by King to third parties as set forth above were slanderous per se because they tend to injure Mr. Lassen in his profession by imputing in him a lack of professional integrity and a lack of artistic ability.

16. The statements made by King to third parties as set forth above were slanderous per se because they tend to damage Lassen International's business reputation by imputing in Lassen International an intent to defraud and deceive its business partners.

17. As a result of the above-described words, which upon information and belief were understood by those who saw and heard them in a way that defamed Counterclaimants, the Counterclaimants have both suffered general damages to their respective business reputations. King's unlawful and unprivileged statements have caused Counterclaimant Mr. Lassen to suffer embarrassment, shame and humiliation.

18. As a proximate result of the slanderous and defamatory statements made by King, Counterclaimants suffered damages in an amount according to proof at trial.

19. The above-described words were spoken by King with malice and oppression and/or fraud in that he intended to harm Counterclaimants with his words, to slander their good names and damage their business reputations, and to deter people from engaging in business with them, and thus an award of exemplary and punitive damages is justified.

## Second Cause of Action
## (Trade Libel)

20. Counterclaimants incorporate by this reference the allegations contained in Paragraphs 2-19 of the counterclaims

21. At the time of the defamatory statements by King described above, Counterclaimants each and separately owned certain respective business goods, including the inventory of paintings by Mr. Lassen available for sale and the licensing and other rights in Mr. Lassen's paintings.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA  90067.3107
310.553.0308

22. King's false and defamatory statements disparaged these business goods by indicating that they were not in fact authored by Mr. Lassen and were being offered for purchase by Lassen International under fraudulent terms.

23. King's statements were made with knowledge of their falsity and with reckless disregard for their truth or falsity.

24. As a proximate result of King's publication of these false and defamatory statements, prospective customers have been deterred from buying Counterclaimants' business goods and from otherwise dealing with Counterclaimants, and Counterclaimants have thereby suffered injury to their respective business enterprises and pecuniary loss in an amount to be proved at trial.

25. Furthermore, King's words were motivated by oppression, fraud, and malice in that King acted out of anger toward Counterclaimants and with an intent to harm their respective business enterprises. Accordingly, an award of punitive damages is justified.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for relief as set forth below:

1. That the Court dismiss Plaintiff's Complaint in its entirety with prejudice;

2. That the Court order the Plaintiff take nothing by his Complaint against Defendants;

3. That the Court grant judgment in favor of Defendants and against Plaintiff on all causes of action;

4. For general, compensatory and special damages in an amount to be proven at trial;

5. For exemplary and punitive damages;

6. For an award of prejudgment interest on the foregoing;

7. For costs of suit incurred herein;

LITTLER MENDELSON
A Professional Corporation
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308

8. For an award of reasonable attorneys' fees;

9. For any other and further relief as the Court may deem just and proper.

Dated: July 6, 2010

                                      /S/
DEMERY RYAN
SHAHRAN SAMIE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
CHRISTIAN LASSEN, AND LASSEN INTERNATIONAL, INC.

Firmwide:96051533.3 065793.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
2049 Century Park East
5th Floor
Los Angeles, CA 90067.3107
310.553.0308